UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                              CASE NO. 8:20-cv-1483-SDM-TGW
                                                         8:17-cr-591-SDM-TGW

SEGUNDO ORDONEZ GODOY
_____/

## ORDER

Ordonez Godoy moves under 28 U.S.C. § 2255 (Doc. 1) to vacate and challenges the validity of his conviction for conspiracy to possess with the intent to distribute cocaine while aboard a vessel, for which offense he is imprisoned for 135 months. Both the conviction and the sentence accord with the plea agreement. The United States admits that the motion to vacate is timely. (Doc. 6 at 2) Nevertheless, the motion lacks merit.

## FACTS[1]

On November 22, 2017, while on routine patrol, a Maritime Patrol Aircraft spotted a Go-Fast-Vessel ("GFV") approximately 260 nautical miles south from Port Angel/Huatulco, Mexico. A U.S. Coast Guard Cutter moved to intercept and, upon arriving on the scene, launched their Over-The-Horizon Vessel ("OTH") with a boarding team. Surveillance observed the GFV jettison a package. One of the lines

_____

[1] This summary of the facts derives from Ordonez Godoy's plea agreement. (Doc. 36 in 17-cr-591)

tied to a jettisoned bale entangled in the propeller and caused the GFV to stop. OTH boarding team found three defendants aboard the GFV.

Boarding team members observed suspicious packages in the open fish-hold as well as in the water next to the GFV.  Because the claimed government could neither confirm nor deny the GFV's nationality, the GFV was treated as without nationality and subject to the United States' jurisdiction.  The boarding team conducted two Narcotic Identification Kit Tests on both a package observed on the deck of the GFV and one of the jettisoned packages. All four tests were positive for cocaine.  The Coast Guard recovered 19 total bales from the GFV.  The substance inside the bales tested positive for cocaine.  In total, the bales weighed approximately 610 kilograms.

## CLAIMS FOR RELIEF

Ordonez Godoy alleges that trial counsel rendered ineffective assistance at sentencing by not advising the district court about his cooperation.  Affording his allegations a generous interpretation, Ordonez Godoy requests (1) a reduction in sentence under Rule 35, Federal Rules of Criminal Procedure, and (2) re-sentencing below the mandatory minimum under the "safety valve" provision in 18 U.S.C. § 3553(f).  Ordonez Godoy is eligible for neither.

## Ineffective Assistance of Counsel:

Ordonez Godoy claims ineffective assistance of counsel, a difficult claim to sustain. "[T]he cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between." *Waters v. Thomas*, 46 F.3d 1506, 1511 (11th Cir. 1995) (*en banc*) (quoting *Rogers v. Zant*, 13 F.3d 384,

386 (11th Cir. 1994)).  As *Sims v. Singletary*, 155 F.3d 1297, 1305 (11th Cir. 1998),

explains, *Strickland v. Washington*, 466 U.S. 668 (1984), governs an ineffective

assistance of counsel claim:

> The law regarding ineffective assistance of counsel claims is
> well settled and well documented. In *Strickland v. Washington*,
> 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), the
> Supreme Court set forth a two-part test for analyzing ineffective
> assistance of counsel claims. According to *Strickland*, first, the
> defendant must show that counsel's performance was deficient.
> This requires showing that counsel made errors so serious that
> counsel was not functioning as the "counsel" guaranteed the
> defendant by the Sixth Amendment. Second, the defendant
> must show that the deficient performance prejudiced the
> defense. This requires showing that counsel's errors were so
> serious as to deprive the defendant of a fair trial, a trial whose
> result is reliable.  *Strickland*, 466 U.S. at 687, 104 S. Ct. 2052.

*Strickland* requires proof of both deficient performance and consequent

prejudice.  *Strickland*, 466 U.S. at 697 ("There is no reason for a court deciding an

ineffective assistance claim . . . to address both components of the inquiry if the

defendant makes an insufficient showing on one."); *Sims*, 155 F.3d at 1305 ("When

applying Strickland, we are free to dispose of ineffectiveness claims on either of its

two grounds.").  "[C]ounsel is strongly presumed to have rendered adequate

assistance and made all significant decisions in the exercise of reasonable

professional judgment."  *Strickland*, 466 U.S. at 690.

Ordonez Godoy must demonstrate that counsel's alleged error prejudiced the

defense because "[a]n error by counsel, even if professionally unreasonable, does not

warrant setting aside the judgment of a criminal proceeding if the error had no effect

on the judgment."  466 U.S. at 691–92.  To meet this burden, Ordonez Godoy must

show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." 466 U.S. at 694.

Although the *Strickland* standard controls a claim that counsel was ineffective for recommending that a client plead guilty, *Hill v. Lockhart*, 474 U.S. 52 (1985), *Agan v. Singletary*, 12 F.3d 1012 (11th Cir. 1994), the quantum of evidence needed to prove both deficient performance and prejudice is different. "[C]ounsel owes a lesser duty to a client who pleads guilty than to one who decided to go to trial, and in the former case counsel need only provide his client with an understanding of the law in relation to the facts, so that the accused may make an informed and conscious choice between accepting the prosecution's offer and going to trial." *Wofford v. Wainwright*, 748 F.2d 1505, 1508 (11th Cir. 1984). To prove prejudice, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. at 59.

Ordonez Godoy asserts that trial counsel "misrepresent[ed] information" to the court, but he fails to specifically identify a misrepresentation. Instead, Ordonez Godoy complains that counsel did not fully inform the district court about his cooperation and believes he is entitled to a reduced sentence under Rule 35. According to his plea agreement and his representations at the change of plea (Docs. 36 at 6–7, and 92 at 22–24), Ordonez Godoy understood that the United States has both the sole discretion to determine whether his cooperation warrants a reduced

sentence and the sole authority to move for a reduced sentence based on his cooperation.  Consequently, whether trial counsel did or did not inform the district court about Ordonez Godoy's cooperation is of no consequence if the United States does not move for a reduced sentence under either the guidelines at sentencing or Rule 35 after sentencing.

Additionally, Ordonez Godoy is ineligible for a lower sentence under the "safety valve" provision under Section 3553(f) because, when he was sentenced, that provision did not apply to Ordonez Godoy's conviction for conspiracy to possess with the intent to distribute cocaine while aboard a vessel.  *See United States v. Pertuz-Pertuz*, 679 F.3d 1327 (11th Cir. 2012) (holding that safety-valve relief does not apply to violations of 46 U.S.C. §§ 70503(a) and 70506(a) and (b)).  Nor is Ordonez Godoy entitled to relief under the First Step Act ("Act") because the Act "does not apply retroactively."  *United States v. Sanchez*, 795 F. App'x 704, 707 (11th Cir. 2019).

The motion under Section 2255 to vacate the sentence (Doc. 1) is **DENIED**. The clerk must enter a judgment against Ordonez Godoy, close this case, and enter a copy of this order in the criminal case.

### DENIAL OF BOTH A CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL *IN FORMA PAUPERIS*

Ordonez Godoy is not entitled to a certificate of appealability ("COA").  A prisoner moving under Section 2255 has no absolute entitlement to appeal a district court's denial of his motion to vacate.  28 U.S.C. § 2253(c)(1).  Rather, a district

court must first issue a COA. Section 2253(c)(2) permits issuing a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." To merit a certificate of appealability, Ordonez Godoy must show that reasonable jurists would find debatable both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir 2001). Because he fails to show that reasonable jurists would debate either the merits of the claims or the procedural issues, Ordonez Godoy is entitled to neither a certificate of appealability nor an appeal *in forma pauperis*.

A certificate of appealability is **DENIED**. Leave to appeal *in forma pauperis* is **DENIED**. Ordonez Godoy must request the circuit court for leave to appeal *in forma pauperis*.

ORDERED in Tampa, Florida, on May 26, 2023.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE